**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Dale Burns; and Shirleen Hoffman,**

**Plaintiffs,**

**vs.**

**The City of Minneapolis, Minnesota; Robert Olson, individually, and in his official capacity as Police Chief of the City of Minneapolis, Minnesota; William Jones, individually; and Sally Beel, individually,**

**Defendants.**

**Court File No.: 00-577 ADM/AJB**

**STIPULATION REGARDING NONDISCLOSURE OF CERTAIN INFORMATION AND PROTECTIVE ORDER**

---

WHEREAS, the parties to the above-captioned action desire to expedite and facilitate the discovery process in this action; and

WHEREAS, discovery in the above-entitled action will involve confidential or private personnel information maintained by the Defendant;

IT IS HEREBY ORDERED, upon consent of the parties:

1. That any and all information discovered during the course of this litigation which is contained in records, documents, or other data maintained by the City of Minneapolis which contains private or confidential data, as those terms are defined by Minnesota Statutes, Chapter 13, shall be subject to the terms of this Stipulation and Protective Order. Documents or other data not defined as private or confidential by Minnesota Statutes, Chapter 13, shall not be subject to the terms of this Stipulation and Protective Order. Documents that are subject to the terms of the Stipulation and Protective Order include, but are not limited to:

FEB 1 3 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

- Internal Affairs Investigations Number 98-29, Bate Stamp Nos. 6240-6466
- CRA File Number 91-0122, Bate Stamp Nos. 0557-0606
- Grievance Arbitration Award, BMS Case No. 99-PA-776, Bate Stamp Nos. 6467-6494
- Memo from Chief's file to Lt. Dotty Veldey-Jones dated 3/2/99 re: Complaint of Dale Burns, Bate Stamp Nos. 0003-0004
- Letter to Chief Olson from Dale Burns dated 9/13/98, Bate Stamp Nos. 0006-0007
- Burns supplement on Sgt. Wallerich, Bate Stamp No. 0019
- Burns supplement on Officers Beauchamp and LaNasa, Bate Stamp Nos. 0020-0021
- Burns supplement on Officer Duren, Bate Stamp Nos. 0035-0036
- Burns supplement on Officer Gray, Bate Stamp No. 0054
- Burns supplement on IAD investigators, Bate Stamp Nos. 0061-0065

2. That the terms of this Stipulation and Protective Order are as follows:

a. The above-described information shall not be given, shown, made available or communicated in any way to anyone other than:

i. The Court (subject to the provisions of subparagraphs b and f);

ii. Counsel to the parties to the action and paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and,

iv. Other persons to whom the parties have agreed. Such agreement must be made in writing.

b. If private or confidential materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

c. Nothing contained in this Order shall preclude a party from showing any private or confidential materials or disclosing information derived therefrom to any actual or potential third party witness, either at a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only persons to whom disclosure is allowed may be present, except for counsel for the witness.

ii. The actual or potential witness may not be given a copy of any confidential or private materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Stipulation and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph a of the Stipulation and Order requiring that private and confidential materials be held in confidence, and shall not disclose the private or confidential materials or any information derived from them to anyone who is not allowed access to the information under this Stipulation and Order.

d. In the event that any private or confidential materials or information derived therefrom are used in a court proceeding herein, such documents

or information shall not lose their private or confidential status through such use.

e. Nothing herein shall be construed to affect in any way Defendants' rights to object to the admissibility of any document, testimony, or other evidence at trial.

f. Nothing in this Stipulation and Order shall be construed to limit the use or disclosure of any of the documents referred to above or any information derived therefrom at or during any deposition, hearing or proceeding in this matter, except as provided in this paragraph. Any information and documents covered by this Stipulation and Order which are revealed by or included in any discovery proceedings (whether formal or informal, and whether in the form of depositions, transcripts, interrogatory answers, document production or otherwise) or in any motions, pleadings, affidavits, briefs, memoranda or other papers filed or submitted to the Court shall be subject to this Stipulation and Order. The Clerk of Court shall maintain under seal all such information and/or documents or the portion of the deposition transcript, motion, hearing, or other transcripts, interrogatory answers, or other materials containing such information and/or documents to be made available only to the Court and to counsel for the parties in this litigation until further Order of the Court.

g. Prior to the trial of this matter, counsel for both parties shall seek to reach agreement on the handling of information and documents at trial which are covered by this Stipulation and Order so as to provide protection against

public disclosure without in any way infringing on the rights of the parties, or, if no agreement can be reached, shall submit proposals to the Court for its consideration.

h. There shall be no reproduction whatsoever of the documents referred to above, except that which is required in preparation for trial, motions, depositions, or any other proceeding relating to the instant litigation. Copies, excerpts or summaries may only be shown or given to those authorized to receive such information pursuant to this Stipulation and Order.

i. Plaintiffs' counsel, experts, and all others who have had access to any information and/or documents pursuant to this Stipulation and Order, shall return the documents referred to above, including all copies, excerpts or summaries thereof, to Defendants' counsel within 30 days of the final termination of this action, including all appeals.

j. That this Order is without prejudice to the right of any party to apply to the Court for modification of this Order with respect to any specific material or any provision herein, to apply for an Order compelling the production of documents or disclosure of other discovery or to seek additional or further Protective Orders from the Court.

k. That Plaintiffs Shirleen Hoffman and Dale Burns may review the private and confidential documents, with the exception of Internal Affairs Investigations Number 98-29, Bate Stamp Nos. 6240-6466, and the Grievance Arbitration Award, BMS Case No. 99-PA-776, Bate Stamp

Nos. 6467-6494, but cannot be given a copy of any confidential or private materials to take with him or her. Plaintiffs Shirleen Hoffman and Dale Burns shall be provided a copy of this Stipulation and Order and advised that it is applicable to them and that they are bound by subparagraph a of the Stipulation and Order requiring that private and confidential materials be held in confidence, and shall not be disclosed to anyone who is not allowed access to the information under this Stipulation and Order.

Dated: February 12, 2001

MAVITY & ASSOCIATES

By [signature]

WILLIAM J. MAVITY
Attorney Reg. No. 143716
1650 West 82nd Street, Suite 1460
Minneapolis, MN 55431
(612) 885-5600
Attorney for Plaintiffs

Dated: February 12, 2001

JAY M. HEFFERN
City Attorney

By [signature]

CAROLINE M. BACHUN
Assistant City Attorney
Attorney Reg. No. 024370X
333 South Seventh Street, Suite 300
Minneapolis, MN 55402
(612) 673-2754
Attorneys for Defendants

PROTECTIVE ORDER

SO ORDERED.

BY THE COURT:

Dated: February 12, 2001

ANN D. MONTGOMERY
District Court Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415


# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing <u>confidential original</u> documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the <u>Clerk:</u>*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

*Guidelines for filing with a U.S. District Judge or <u>Magistrate Judge</u>:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.